IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:93-CR-144

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| STANLEY HICKMAN ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's pro se Motion in Nunc Pro Tunc for Review of Sentence. The Motion is DISMISSED.

## FACTS

Defendant's Motion requests that this Court order the Federal Bureau of Prisons ("BOP") to credit his federal sentence for time spent in state custody. Defendant is currently incarcerated at FCI Fort Dix, New Jersey.

The instant motion contains the same facts and arguments presented in Defendant's March 1, 2010 motion to this Court and in a previously filed petition for writ of habeas corpus in the Eastern District of New York. This Court dismissed Defendant's previous motion in an Order filed June 1, 2010, based upon a lack of in personam jurisdiction over Defendant's custodian. The Eastern District of New York denied Defendant's habeas petition in an order filed August 3, 2010, holding that his sentence had been computed properly and that he had received all of the credit to which he was due. See Memorandum and Decision Order, Hickman v. Terrell, 1:10-CV-01082-BMC (E.D.N.Y. Aug. 3, 2010).

1

## DISCUSSION

The Court lacks jurisdiction to hear the Defendant's Motion. The Court also finds the Motion constitutes an abuse of the writ of habeas corpus.

A challenge to the BOP's calculation of a sentence is properly brought under 28 U.S.C. § 2241. Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000). A petition under § 2241 may only be maintained in the district where there is in personam jurisdiction over the Defendant's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). In this case, Defendant's custodian is the warden of FCI Fort Dix in New Jersey. Thus, this Court lacks jurisdiction to adjudicate this claim.

Additionally, the Court construes Defendant's Motion as a successive habeas petition. "A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Similarly, the abuse of the writ doctrine mandates dismissal of claims presented in habeas petitions if the claims were raised, or could have been raised in an earlier petition. McCleskey v. Zant, 499 U.S. 467, 489 (1991); Noble v. Barnett, 24 F.3d 582, 585 (4th Cir. 1994).

Here, the issues raised in the instant motion are identical to the issues raised by Defendant in his previous motion before this Court and in his habeas petition filed in the Eastern District of New York, both of which were dismissed.

The Court finds the Defendant is abusing the writ. The Court will not consider any more motions from Defendant attacking his sentence.

## CONCLUSION

Accordingly, Defendant's Motion is DISMISSED for lack of jurisdiction and as an abuse of the writ.

SO ORDERED, this 24 day of January, 2011.

                                           *Terrence Boyle*
                                           TERRENCE W. BOYLE
                                           UNITED STATES DISTRICT JUDGE